LAND, J.
Defendants in the above-entitled case were charged on information with maliciously defaming and libeling one Jules A. Ilebert, the parish treasurer, by the publication in a newspaper owned and controlled by them of false and scandalous charges of “graft” and maladministration. The accused were duly arraigned on May 20, 190Í), and pleaded not guilty, and the case was set for trial for June 1, 1909.
On May 27, 1909, the accused, through their counsel, presented a petition to the district court, praying for an ex parte order granting to them, their agents, or representatives the right to inspect and to make memoranda or copies of all the books, warrants, ■or other documents the property of the parish of Iberville apd then in possession of the said parish treasurer in accordance with the reasonable rules established by said officer for the orderly conduct of the business of his office. This petition represented that the accused had applied to the parish treasurer for permission to examine said books, and were denied the right by said officer; that said officer was one of the complainants in the charges against the accused, and was in possession of all the information on the subject of the parish printing; and that, in the nature of things, the only manner in which the accused could prepare their defense properly was by an examination of said books.
This petition was not verified by affidavit, and was an ex parte application for an order of inspection without proof or notice. The judge declined to grant the order, and thereupon application was made to the Supreme Court for writs of certiorari, mandamus, and prohibition.
For answer the respondent judge says, first, that, if the facts stated in the relators’ petition to him were true, their remedy was by application for a mandamus; and. second, that the parish treasurer, through counsel, appeared in open court, and stated that the treasurer had no objection to permitting any citizen to inspect his books in his presence for the purpose of securing information as to any account or entry in the same, but that he did object to any person employing an expert to check and audit his books without an order from the police jury or the court. The parish treasurer has also answered the petition of relators and under oath avers that he has never denied to the relators access to his books or the public records for the purpose of permitting them to obtain whatever information they desire, and is now ready and willing to permit relators to inspect his books and records for any legitimate purpose, but that he declines to permit relators to take possession of the parish books for the purpose of having their own expert to examine and audit the same.
If, as alleged, the parish treasurer denied to relators the right to examine and inspect the books and records of his office, they should have proceeded against that official by rule or motion for an order of inspection.
Relators were entitled only to an inspection of the books and records in the hands of the parish treasurer without disturbing *91 Ms possession and control of the same. Wharton’s Crim. Ev. (0th Ed.) §§ 56A-567. It appears from the return of the judge that this privilege was not denied to them by the custodian.
It is therefore ordered that, the rule nisi and restraining order herein issued be recalled, and that relators’ application be dismissed.
BREAUX, O. X, recuses himself.